# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM GATES SNYDER III, | CASE NO. CV F 10-1168 LJO SKO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION FOR ATTORNEY FEES** |
| vs. | (Doc. 10.) |
| WACHOVIA MORTGAGE, | |
| Defendant. | |

## INTRODUCTION

Defendant Wachovia Mortgage ("Wachovia") seeks from pro se plaintiff William Gates Snyder III ("Mr. Snyder") $8,832.50 for attorney fees incurred to defend Mr. Snyder's dismissed claims arising from his defaulted Wachovia loan. This Court considered Wachovia's attorney fees motion on the record and VACATES the September 20, 2010 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court GRANTS Wachovia a $2,500 attorney fees award.

## BACKGROUND

### Mr. Snyder's Claims

Wachovia made to Mr. Snyder a loan secured by a deed of trust ("DOT") recorded on August 21, 2006.

On May 12, 2010, prior to Wachovia's removal, Mr. Snyder filed in Merced County Superior Court his Judicial Council of California form complaint ("complaint"). As noted by Wachovia, the

1

complaint is "cryptic and confusing" with few facts and appears to take issue with Wachovia's failure to modify Mr. Snyder's loan. The complaint includes an "Exemplary Damages Attachment" which claims "Defendant":

1. "[I]ntentionally had the Plaintiff believe the modified loan applied for was in fact in effect";

2. "[I]ntentionally had the plaintiff perform many tasks in order to have him believe the Modified Loan was actually approved so the Defendant could foreclose on the property and gain profits through tax benefits and the profits of the sale of the property";

3. "[I]ntentionally failed to contact the plaintiff informing him of the problem with the cosigner, into what account his checks were being credited, when they discontinued cashing his checks in a timely fashion in order to put the plaintiff's property in to [sic] foreclosure";

4. "[I]ntentionally provoked the plaintiff into spending 150 hours on the phone, intentionally dropped calls or in writing in a futile effort designed to cause the Plaintiff to give up from frustration";

5. "[H]ad the Plaintiff perform numerous meaningless tasks in order to defeat plaintiff's spirit and expedite foreclosure";

6. "[K]ept insisting that Plaintiff should reapply numerous times in order for the Defendant to require the plaintiff to foreclose for failure to make payments, late charges, various fees, failure to pay insurance or taxes on the property"; and

7. "[R]equired the cosigner to stay on the loan until April 2012."

The complaint purports to assert claims for general negligence, intentional tort, premises liability, breach of contract, and violation of California Civil Code sections 22317.5, 22327, 1695.1, and 2923.5.

**Dismissal**

Wachovia sought F.R.Civ.P. 12(b)(6) dismissal of Mr. Snyder's claims given the complaint's failure to satisfy F.R.Civ.P. 8 pleading requirements and absence of allegations "demonstrating a plausible connection between plaintiff's alleged harm and Wachovia's conduct." This Court's July 12, 2010 order ("July 12 order") granted Wachovia sua sponte dismissal with prejudice on numerous

grounds, including federal preemption and failure to satisfy elements of state common law and statutory claims. The July 12 order did not grant Mr. Snyder an attempt to amend given Mr. Snyder's inability "to cure his claims by allegation of other facts" to support claims. The July 12 order concluded that "Mr. Snyder has brought this action in absence of good faith and that Mr. Snyder exploits the court system solely for delay or to vex" Wachovia. Judgment was entered in favor of Wachovia and against Mr. Snyder.

## DISCUSSION

### Attorney Fees Provision

Wachovia seeks attorney fees incurred to defend Mr. Snyder's complaint with "incurable defects" which it characterizes as an "attempt to enjoin a foreclosure sale and void a secured loan transaction in property." Wachovia argues that it is entitled to attorney fees based on a DOT attorney fee provision, its prevailing party status, and reasonableness of its requested attorney fees.

Wachovia points to the DOT provision entitled "Lender's Right To Protect Its Rights In The Property," which provides in pertinent part:

> If: (A) I do not keep my promises and agreements in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including by not limited to any manner of legal proceeding . . . to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions my include, without limitation, appearing in court, paying reasonable attorneys' fees . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes. . . .

In a federal action, state law is relevant to assess "whether the contractual attorney's fee obligation was valid and enforceable." *Matter of Sheridan*, 105 F.3d 1164, 1167 (7th Cir. 1997). "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). California Code of Civil Procedure section 1033.5(a)(1) permits recovery of attorney fees "when authorized by . . . Contract." Under California Code of Civil Procedure section 1021, the "measure and mode" of attorney fees "is left to . . . agreement," unless attorney fees "are specifically provided for by statute." California Civil Code section 1717(a) addresses recovery of attorney fees in contract actions and provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.

California Code of Civil Procedure section 1032(a)(4) defines prevailing party to include "a defendant in whose favor a dismissal is entered." "[W]hen the results of the litigation on the contract claims are not mixed – that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other – . . . a trial court has no discretion to deny attorney fees to the successful litigant." *Hsu v. Abbara*, 9 Cal.4th 863, 875-876, 39 Cal.Rptr.2d 824 (1995).

Wachovia argues that Mr. Snyder is "bound" to the DOT's attorney fees clause to entitle Wachovia as "prevailing party" to its reasonable defense costs. Wachovia is correct that it is the prevailing party, and focus turns to whether the DOT's attorney fees provision encompass Wachovia's defense of Mr. Snyder's claims.

### **Scope Of Attorney Fees' Provision**

Wachovia contends that since the complaint sought to enjoin the foreclosure sale, this action without doubt "significantly affect[ed]" Wachovia's interested in the secured property. Wachovia points to the complaint's "haphazard allegations" to the effect that the DOT was void.

In *Abdallah v. United Savings Bank,* 43 Cal.App.4th 1101, 1111, 51 Cal.Rptr.2d 286 (1980), the California Court of Appeal explained:

> "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [Civil Code] section 1717 only as they relate to the contract action." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129 [158 Cal.Rptr. 1, 599 P.2d 83].) However, "[a]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." (*Id.* at pp 129-130.) For example, the holder of a note which provides for payment of fees incurred to collect the balance due is entitled to fees incurred in defending itself against "interrelated" allegations of fraud. (*Wagner v. Benson* (1980) 101 Cal.App.3d 27, 37 [161 Cal.Rptr. 516].) Here, the court could reasonably find that appellants' various claims were " 'inextricably intertwined' " (*Finalco, Inc. v. Roosevelt* (1991) 235 Cal.App.3d 1301, 1308 [286 Cal.Rptr. 616]), making it "impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units" (*Fed-Mart Corp. v. Pell Enterprises, Inc.* (1980) 111 Cal.App.3d 215, 227 [168 Cal.Rptr. 525]).

Moreover, "an obligation to pay attorney fees incurred in the enforcement of a contract 'includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation.'"

4

*Siligo v. Castellucci*, 21 Cal.App.4th 873, 878, 26 Cal.Rptr.2d 439 (1994) (quoting *Finalco, Inc. v. Roosevelt,* 235 Cal.App.3d 1301, 1308, 3 Cal.Rptr.2d 865 (1991)).

The complaint sought to significantly affect Wachovia's right in the property by seeking to stop foreclosure and collection on Mr. Snyder's defaulted loan. Mr. Snyder brought this action ostensibly to prevent Wells Fargo to protect its rights as a foreclosing lender. With this action pending, Wachovia's foreclosure attempts were stymied. Wachovia was compelled to defend the complaint's meritless, barred claims. Moreover, the complaint's attempt to void Wachovia's security interest called into question DOT. As such, the DOT's attorney fees provision encompasses defense of Mr. Snyder's claims at issue here to entitle Wachovia to an attorney fees award.

**Attorney Fees' Reasonableness**

Wells Fargo contends that its $8,832.50 attorney fees are reasonable. The $8,832.50 comprises $7,057.50 fees incurred during June and July, $1,025 to prepare attorney fees motion papers, and $750 anticipated fees to reply to Mr. Snyder's opposition. "The matter of reasonableness of attorney's fees is within the sound discretion of the trial judge." *Stokus v. Marsh,* 217 Cal.App.3d 647, 656, 266 Cal.Rptr. 90 (1990).

The Ninth Circuit Court of Appeals has outlined factors to consider for attorney fees reasonableness:

> In calculating reasonable attorney fees the court must consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-1342 (9th Cir. 1986).[1]

---

[1] The California Court of Appeal also has provided factors to consider for an attorney fees award:

> In determining what constitutes a reasonable compensation for an attorney who has rendered services in connection with a legal proceeding, the court may and should consider "the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the

To support fees' reasonableness, defense counsel provides June and July 2010 billing statements which itemize specific tasks to defend this action by three attorneys (with $320, $300 and $250 hourly billing rates) and three paralegals (with $155, $145 and $125 hourly billing rates). The primary, most meaningful defense of this action was preparation of a F.R.Civ.P. 12(b)(6) motion to dismiss which was not opposed by Mr. Whittle given this Court's sua sponte dismissal. The billing statements reflect that the motion was chiefly prepared by an eight-year attorney who devoted 15.3 hours at a $250 hourly billing rate, for a total of $3,825. The barometer for reasonable attorney fees is preparation of the motion to dismiss, not other unrelated, duplicative tasks reflected in the billing statements. However, defense counsel spent excessive time to prepare the straightfoward, unopposed papers. In this Court's experience, ten hours is sufficient time to have prepared the motion to dismiss papers. A $250 hourly billing rate appears reasonable for the tasks and the preparing attorney's qualifications. As such, an appropriate attorney fees award is $2,500.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS Wells Fargo a $2,500 attorney fees award.

IT IS SO ORDERED.

**Dated:    September 10, 2010**                    /s/ Lawrence J. O'Neill
                                                                                         UNITED STATES DISTRICT JUDGE

---

litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded ...; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed." [Citations.]

*Hadley v. Krepel*, 167 Cal.App.3d 677, 682, 214 Cal.Rptr. 461 (1985).